March 16, 1993

[NOT FOR PUBLICATION]

UNITED STATES COURT OF APPEALS
FOR THE FIRST CIRCUIT

No. 92-2056

ERIC APONTE and ELBA GARCIA,

Plaintiffs, Appellants,

v.

PUERTO RICO MARINE MANAGEMENT, INC.,

Defendant, Appellee.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF PUERTO RICO

[Hon. Jaime Pieras, Jr., U.S. District Judge]

Before

Breyer, Chief Judge,

Torruella and Cyr, Circuit Judges.

Guillermo Ramos Luina with whom Harry Anduze Montano was on brief

for appellants.
Rafael Cuevas Kuinlam with whom Cuevas Kuinlam & Bermudez was on

brief for appellee.

Per Curiam. Eric Aponte and Elba Garcia, the

plaintiffs in this diversity case, filed a complaint in which

they claimed that Puerto Rico Marine Management (1) violated its

contract with Aponte by improperly dismissing him from his

position of General Manager, and (2) in the process,

"intentionally and maliciously misinformed the press" about

events related to the dismissal. The defendant pointed out that

Puerto Rico's "Law 80", see P.R. Laws Ann. tit. 29, 185a et

seq., limits damages for wrongful dismissal to an amount well

below the federal diversity jurisdiction minimum of $50,000, see

28 U.S.C. 1332. It moved for summary judgment, Fed. R. Civ. P.

56, and, alternatively, to dismiss the complaint for failure to

state a claim, Fed. R. Civ. P. 12(b)(6). The plaintiffs concede

that the district court correctly granted summary judgment in

respect to their claim for wrongful dismissal, but they appeal

its decision dismissing their separate libel claim.

We agree with the plaintiffs that the district court

should not have dismissed the libel claim. Our reason is that

the defendant's motion for summary judgment, read in conjunction

with the memorandum or law which supports it, does not appear to

seek summary judgment on that claim. Rather, the defendant, in

that motion, says that it seeks dismissal for the reasons that

(1) the "additional damages requested by the plaintiff[s] . . .

are not recoverable as a matter of law;" (2) Puerto Rico's "Law

80" limits wrongful discharge damages to about $12,000; and (3)

even assuming attorney's fees were awarded, the amount

recoverable under the complaint would not satisfy the $50,000

jurisdictional requirement. It assumes that the libel count,

rather than setting forth a separate cause of action, simply

seeks extra damages for a wrongful dismissal.

It may well be that defendant intended to move to

dismiss all of the causes of action in the complaint, contending

that both the discharge-related libel claims and the wrongful

discharge claims were preempted by the exclusive remedy set forth

in "Law 80." However, if this was the intention, it was not

clearly expressed by the defendant's motion, especially when that

motion is read in conjunction with the accompanying memorandum of

law, which largely limits itself to discussion of "wrongful

discharge" law. As a consequence, we believe the plaintiffs

could reasonably have considered the defendant's motion for

dismissal or summary judgment to have referred only to the

"wrongful dismissal" claim, not to the "libel and slander" claim.

That being so, the plaintiffs need not have responded by

"set[ting] forth specific facts showing there is a genuine issue

for trial" with regard to the libel claim. Fed. R. Civ. P.

56(e). Rather, they could simply have pointed out to the court

-3-
3

that the summary judgment motion and memorandum had ignored their

separate libel claim. And, that is what the plaintiffs did.

The plaintiffs may themselves be partly to blame for

the failure of the defendant's motion to refer to their libel

claim as a separate cause of action, distinct from their wrongful

discharge claim. Their complaint says at the outset, in a

separate section entitled "nature of the action," that the

nature of the action is for the recovery
of contractual damages caused to
plaintiffs as a result of defendant's
wrongful and discriminatory termination
of employment.

Someone reading these words alone might have concluded that the

plaintiffs meant their later allegations of libel to refer to

damages caused by the wrongful dismissal, not to a separate cause

of action. Nonetheless, the plaintiffs, in a separate section VI

of their complaint, do set forth the elements of a libel claim.

They state, for example, that the defendant "maliciously provided

journalists with . . . erroneous information [about Eric Aponte's

responsibility for financial irregularities] with . . . full

knowledge of its falsity" or "with negligent disregard for

truth." They specify the way in which these alleged actions

harmed the plaintiffs. And, most importantly, they entitle the

paragraphs of section VI the "Second Cause of Action." Later

developments in the case should have further alerted the

-4-
4

defendant that the complaint purported to set out a separate

cause of action for libel. In their response to the motion for

summary judgment, plaintiffs refer to "their cause of action for

libel and slander which is based . . . on acts of defendant

separate and distinct" from "the actual termination of

employment." And, the court's "initial scheduling conference

order" refers to the libel and slander action as a "cause of

action" separate from the cause of action for "unjust

termination." Under these circumstances, we believe it necessary

to treat the complaint as setting forth a separate cause of

action for libel and slander. See Fed. R. Civ. P. 8(f); Conley

v. Gibson, 355 U.S. 41, 45-46 (1957) (complaint should be

interpreted liberally to accord with concepts of notice

pleading).

Without knowing the specific facts upon which the

allegations of libel and slander rest, we cannot know whether

Puerto Rico's laws governing claims for libel and for "unjust

dismissal" permit or forbid recovery. On remand, the defendant,

of course, remains free to move for summary judgment in respect

to the libel and slander claim; in response, the plaintiffs will

likely have to particularize their factual showing.

-5-
5

The judgment of the district court dismissing the

plaintiffs' claim for libel and slander is vacated and this case

is remanded with instructions to reinstate that claim.

So ordered.

-6-
6